### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA A CAMPBELL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BARCLAYS BANK<br>　　　　　　Defendant. | CIVIL ACTION<br><br>Case No. _____ |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, and 1441, Defendant Barclays Bank Delaware (erroneously sued as "Barclay's Bank") ("Barclays") hereby files this Notice of Removal of the above-named action from the Court of Common Pleas of Lehigh County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. In further support of this Notice of Removal, Barclays avers as follows:

### BACKGROUND AND PROCEDURAL HISTORY

1. On July 10, 2025, Plaintiff Joshua A. Campbell ("Plaintiff") filed an action against Barclays in the Magisterial District Court 31-1-05 of Lehigh County, Pennsylvania (the "Magisterial District Court Action"). A default judgment was entered against Barclays on August 27, 2025. A true and correct copy of the record and judgment in the Magisterial District Court Action is attached hereto as <u>Exhibit A</u>.

2. Barclays appealed this judgment to the Court of Common Pleas of Lehigh County on September 25, 2025, which was styled *Joshua A Campbell v. Barclays Bank,* Case No. 2025-C-3918.

3. On October 23, 2025, Plaintiff filed a complaint against Barclays in the Court of Common Pleas of Lehigh County (the "Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit B, pursuant to 28 U.S.C. § 1446(a).

4. The document attached hereto as Exhibit C constitutes all of the process, pleadings, and orders filed in the Court of Common Pleas of Lehigh County to date, including an Amended Complaint filed on November 18, 2025. Barclays has not answered, moved, or otherwise responded to the Complaint or Amended Complaint.

5. In the Complaint, Plaintiff asserts a claim for an alleged violation the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666. See Compl. at 1-2.

6. Plaintiff also asserts claims for an alleged breach of contract and negligence. See id. at 2.

7. Plaintiff bases those claims on Barclays's alleged "failure to act in accordance with Mastercard and federal regulations [which] resulted in financial loss to Plaintiff[.]" See id.

8. Plaintiff demands judgment in the amount of $8,607.25, additional damages for Barclays's alleged failure to honor consumer protection obligations, and such other relief the Court deems just and proper. Id. at 2.

**PARTIES**

9. Upon information and belief, Plaintiff is a citizen of the Commonwealth of Pennsylvania.

10. Barclays is a company with an address at 100 West Street, Wilmington, DE 19801; it also maintains a registered agent for service at 251 Little Falls Drive, Wilmington, DE 19808, and is therefore a citizen of Delaware.

## TIMELINESS OF REMOVAL

11. Plaintiff filed his Complaint on October 23, 2025.

12. Plaintiff served Barclays with a copy of the Complaint *via* certified mail on November 6, 2025.  *See* Exhibit D at 2 (Certificate of Service signed by Plaintiff).

13. Barclays filed this Notice of Removal within thirty (30) days of the date it received a copy of the Complaint.

14. Thus, this notice is timely pursuant to 28 U.S.C. § 1446(b).

## BASIS FOR REMOVAL JURISDICTION

15. Pursuant to Pennsylvania Magisterial District Court Rule 1007(A), the appeal of a Magisterial District Court Action to the Court of Common Pleas is *de novo*.

16. Following an appeal to the Court of Common Pleas, "all parties will be free to treat the case as though it had never been before the magisterial district judge." Note to Pennsylvania Magisterial District Court Rule 1007.

17. Accordingly, Barclays's removal of the Action is timely and proper, as this action is a new proceeding. *See Chicke v. Experian*, Civ. A. No. 09-1456, 2009 U.S. Dist. LEXIS 95347, 2009 WL 3287388, at *2 (M.D. Pa. Oct. 13, 2009) (finding that defendant had a statutory right under 28 U.S.C. § 1446(b) to remove common pleas court action after appeal was filed from magisterial district court judgment, noting that "the common pleas complaint represented an initial pleading" that triggered the 30-day statutory period for removal).

18. Removal is appropriate under 28 U.S.C. § 1331 as Plaintiff asserts a claim in violation of a federal statute, the FCBA, 15 U.S.C. § 1666, *et seq*.

19. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims are founded on a claim or right arising under the laws of the United States.

20. Under 28 U.S.C. § 1331, removal is appropriate if the district court has original jurisdiction founded on a claim or right arising under the laws of the United States and the action shall be removable without regard to the citizenship or residence of the parties.

21. Plaintiff alleges Barclays violated the FCBA. *See* Compl. at 1-2.

22. This Court has jurisdiction over all claims brought under this federal statute and, as such, federal question jurisdiction exists under 28 U.S.C. § 1331.

23. Plaintiff also asserts Pennsylvania state-law claims for breach of contract and negligence. *See id.* at 2.

24. The Court should exercise supplemental jurisdiction over these state-law claims under 28 U.S.C. § 1367 because the state-law claims are so related to the claim in this action within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

25. Accordingly, this action is one over which this District Court has subject matter jurisdiction over the entire case pursuant to 28 U.S.C. §§ 1331 and 1367.

**REMOVAL TO THE EASTERN DISTRICT OF PENNSYLVANIA IS PROPER**

26. Under 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of Pennsylvania is the proper venue for removal of jurisdiction because it embraces the place where this action remains pending.

**NOTICE TO STATE COURT AND PLAINTIFF**

27. The Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

28. Counsel for Barclays certifies, pursuant to 28 U.S.C. § 1446(d), that copies of this Notice of Removal will be filed with the Court of Common Pleas of Lehigh County, Pennsylvania, and served promptly upon Plaintiff. A true and correct copy of Barclays's Notice of Filing of Notice of Removal (without exhibits) is attached hereto as Exhibit E.

29. By filing this notice of removal, Barclays does not waive any defense that may be available to it, including, but not limited to, the right to contest *in personam* jurisdiction, incomplete process, improper service of process, and/or improper venue, in this Court or in the court from which this action has been removed.

30. Based on the foregoing, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, and this matter may be removed to this Court under 28 U.S.C. § 1441.

**WHEREFORE**, Defendant Barclays Bank Delaware hereby removes the case now pending in the Court of Common Pleas of Lehigh County, Pennsylvania, Case No. 2025-C-3918, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1441.

Respectfully submitted,

Dated: November 24, 2025

/s/ Colin P. Kane
Terence M. Grugan, Esq.
Colin P. Kane, Esq.
BALLARD SPAHR, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone:  215.665.8500
Facsimile:  215.864.8999
grugant@ballardspahr.com
kanec@ballardspahr.com

*Counsel for Defendant*
*Barclays Bank Delaware*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of November, 2025, I caused a true and correct copy of the foregoing Notice of Removal to be served by First Class Mail, postage prepaid, and email upon the following:

Joshua A. Campbell
1920 E Jonathan St
Allentown, PA 18109
jacampbjacampb@gmail.com

Joshua A. Campbell
85 Starview Lane
Wapwallopen, PA 18660

*Pro Se Plaintiff*

Dated: November 24, 2025

                                                      */s/ Colin P. Kane*
                                                      Colin P. Kane